# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN A. CORTESE, JR.** | **CIVIL ACTION** |
| v. | **NO. 18-3804** |
| **ARTHUR SABATINO, DAMON VASQUEZ, DOES 1-10, RICHARD J. ROSS, JR., and THE CITY OF PHILADELPHIA** | |

## MEMORANDUM RE: MOTION TO CORRECT

**Baylson, J.**                                                                                                      **April 23, 2020**

### I. Introduction

John A. Cortese (Plaintiff) has brought a § 1983 claim against Officers Damon Vasquez and Arthur Sabatino (Defendants) after they allegedly arrested him for his suspected involvement in a physical altercation with his mother. Specifically, Plaintiff alleges the Defendants injured his left wrist by excessively tightening his handcuffs during his arrest despite his telling Defendants that he had a preexisting condition.

Now, Plaintiff has informed the Court that he was mistaken as to the identity of one Defendant. Specifically, he should have sued Officer Edgar Vasquez, rather than Officer Damon Vasquez. He seeks to file an amended complaint naming Officer Edgar Vasquez. For the reasons that follow, the motion will be GRANTED.

### II. Procedural History

Prior to bringing this action, Plaintiff sued in the Pennsylvania Court of Common Pleas for Philadelphia County on May 9, 2017. In that suit, Plaintiff was unable to serve "Police Officer Vasquez" because he did not provide his first name or badge number. At a later date, but before

September 6, 2018, Plaintiff voluntarily discontinued the Pennsylvania action. This federal action was then filed on September 6, 2018. ECF 1.

Between September of 2018 and December of 2019, Defendants' counsel did not specifically inform Plaintiff that Officer Damon Vasquez was not involved in these events. This information was not disclosed in Defendants' Motion to Dismiss or the Answer to Plaintiff's Complaint. However, Plaintiff was provided discovery as early as July 23, 2019 that identified Edgar Vasquez as the officer at who involved in the September 14, 2016 incident in a Philadelphia Police Department Police Complaint or Incident Report. See ECF 21 ("Defs.' Resp.") Ex. D.

It was not until December 4, 2019, that Plaintiff was explicitly informed by Defendants' counsel that it was Edgar, not Damon, who was the arresting officer. Officer Edgar Vasquez was then deposed on December 19, 2019. At the deposition, his attorney refused to stipulate to an amendment to the complaint. Plaintiff then filed this motion to amend the caption on January 16, 2020. ECF 20. Defendants responded on January 22, 2020. ECF 21. Plaintiff replied on February 3, 2020. ECF 22.

### III. Legal Standards

A trial court "should give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Although whether to permit amendment of a pleading is within the trial court's discretion, Rule 15 favors amendment, and the court's discretion "must be 'exercised within the context of liberal pleading rules.'" Mullin v. Balicki, 875 F.3d 140, 150-51 (3d Cir. 2017) (quoting Berkshire Fashions, Inc. v. The M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir. 1992)); see also Arthur v. Maersk, Inc., 434 F.3d 196 (3d Cir. 1996). There is a "preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 550 (2010).

"Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." Mullin, 875 F.3d at 150-51 (citing Foman v. Davis, 371 U.S. 178 at 182) (1962)). Of these factors, "prejudice to the non-moving party is the touchstone for denial of an amendment." Mullin, 875 F.3d at 150 (quoting Arthur, 434 F.3d at 204). Courts may also consider judicial economy "and the prejudice denying leave to amend would cause to the plaintiff," as well as any other equities. Id. at 150-51.

**IV.     Discussion**

Here, Defendants argue that there has been undue delay. They do not argue that they will be prejudiced by amendment.

The possibility of undue delay requires the court to "focus on the movant's reasons for not amending sooner." Cureton, 252 F.3d at 273. "Mistakes, omissions, or neglect, should be evaluated with similar solicitude under Rule 15 as they would be under a Rule with an explicit 'excusable neglect' condition." Mullin, 875 F.3d at 155.[1] If a mistake is inexcusable, it is considered "undue." Id.[2] A single, unintentional clerical error can be excused even if that error was caused by carelessness and was within counsel's control. Id.

---

[1] Rules containing explicit conditions include Fed. R. Civ. P. 60(b)(1) (allowing for relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect") and Fed. R. App. P. 4(a)(5) (allowing for extension of time to appeal a notice of appeal when a party shows "excusable neglect or good cause").

[2] The court explained, "in some circumstances, the Federal Rules allow for a court to relieve a party from adverse consequences arising out of 'mistakes' or 'excusable neglect,' which are often not the party's but the attorney's. In that context, we have conducted an 'equitable' inquiry into the circumstances surrounding a party's failure, balancing the factors of prejudice to the non-movant, the length of the delay, the reason for the delay, and the movant's good faith." Mullin, 875 F.3d at 154 (internal citations omitted).

Mullin's facts are comparable to this case's. In Mullin, a mother of an inmate who committed suicide sued, asserting state tort claims and a § 1983 vulnerability-to-suicide claim under the Eighth Amendment. 875 F.3d at 145–46. In the middle of litigation, the plaintiff's attorney was provided a previously undisclosed report which contained statements which could have "reshaped the case," including by identifying new defendants. Id. at 145, 148. However, there was a clerical error and the document was misfiled. Id. Due to this error, Plaintiff's attorney did not review until approximately ten months later, at which point he sought to amend the complaint. Id.

Given these facts, the Third Circuit held that even if they assumed that the attorney "failed to realize the error despite multiple clues to contrary," there was not a mistake that was "per se inexcusable, [that would] render[] the delay 'undue.'" Id. at 155. The court reasoned that a single cascading error of this kind could impact any law firm and the absence of a pattern of similar faults or omissions did not constitute an undue burden. Id.

There are similarities between this case's facts and Mullin's. Here, Plaintiff was put on notice that he needed to discover the first name of the officer who arrested him in the summer of 2017 in order to continue with his state court action. Plaintiff did not discover the officer's first name, voluntarily withdrew his action in state court, and then filed an action in federal court on September 6, 2018. After Plaintiff incorrectly named Damon Vasquez in September of 2018, it appears that he had no reason to know of his mistake until July of 2019. At this time, Defendant provided Plaintiff with discovery that clearly identified Edgar Vasquez as the arresting officer. Although Plaintiff's attorney possessed this information, it appears that he did not gain actual knowledge of his error until Defendants' counsel expressly told him on December 4, 2019. It appears that Plaintiff did not immediately seek to amend in part because he sought to stipulate to

4

an amended complaint, which would have conserved all parties' and the Court's resources. Plaintiff then filed this Motion to Amend on January 16, 2020. In sum, much like the plaintiff's attorney in Mullin, Plaintiff's attorney failed to realize his error in naming the wrong Defendant despite clues to the contrary.

Although the delay was significant, the Court concludes that it is not undue. Not allowing amendment would prejudice Plaintiff by denying him the opportunity to pursue his claims against one of two alleged tortfeasors, and it does not appear that allowing amendment would significantly prejudice Defendants, as adding a new defendant to the case will not "put the defendants back at square one or perpetuate an infinite cycle." Id. at 157. Indeed, the new defendant has already been deposed. The Court, moreover, trusts that Plaintiff will not opportunistically expand the issues in the case. This will limit both prejudice to the Defendants and any burden on the Court. Given all of these factors, and in light of the Rules' liberal policy towards amendment, the Court will exercise its discretion to allow the requested amendment.

**V.     Conclusion**

For the reasons given above, Plaintiff's Motion will be GRANTED. An appropriate order follows.

O:\CIVIL 18\18-3804 Cortese v. Sabatino\18cv3804 Memo re Mot to Correct.docx