## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. CORTESE, JR.<br>7816 Lexington Avenue<br>Philadelphia, PA  19152-3501,<br>         Plaintiff, | )<br>)<br>)<br>) | |
| | ) | Civil Action No.  18-3804 |
| vs. | )<br>) | |
| ARTHUR SABATINO, individually,:<br>EDGAR VASQUEZ, individually,<br>Does 1-10, in their individual capacities,<br>RICHARD J. ROSS, JR., in his official<br>capacity, and THE CITY OF<br>PHILADELPHIA<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA  19102<br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Jury Trial Demanded |

---

### PLAINTIFF'S AMENDED COMPLAINT

---

Plaintiff, John A. Cortese, Jr., by and through his attorney, David B. Sherman, alleges against Defendants, and requests trial by jury, as follows:

## I.  INTRODUCTION

1.      This is an action brought by Plaintiff, John A. Cortese, Jr., to vindicate, *inter alia*, profound deprivations of his constitutional rights caused by Defendants, including, without limitation, false arrest, unlawful seizure, false imprisonment and police brutality.

2.      Plaintiff was incarcerated as a result of the false arrest, unlawful seizure and false imprisonment as described herein.

1

## II. <u>JURISDICTION, VENUE, AND NOTICE</u>

3.      This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. 1983, and 42 U.S.C. § 1988 and other applicable state and federal law.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

4.      This case is instituted in the Court of Common Pleas of Philadelphia County as the judicial district in which all of the relevant events and omissions occurred and in which each of the Defendants maintains offices and/or resides.

## III. <u>PARTIES</u>

5.      Plaintiff resides at 7816 Lexington Avenue, Philadelphia, PA  19152-3501 (the "Residence").

6.      At all times relevant hereto, Plaintiff was a resident of the state of Pennsylvania and a citizen of the United States of America.

7.      At all times relevant hereto, Defendant, Arthur Sabatino, was a citizen of the United States of America and a resident of the state of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

8.      Defendant Arthur Sabatino is sued individually.

9.      At all times relevant hereto, Defendant, Edgar Vasquez, was a citizen of the United States of America and a resident of the state of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

2

10.    Defendant Edgar Vasquez is sued individually.

11.    Defendants, Sabatino and Edgar Vasquez, are sometimes hereinafter collectively referred to as the "Individual Defendants."

12.    Defendant, the City and County of Philadelphia, which are hereinafter collectively referred to as the "Defendant City," is a Pennsylvania municipal corporation and is the legal entity responsible for itself and the Philadelphia Police Department. This Defendant is also the employer of the individual Defendant police officers and is a proper entity to be sued under 42 U.S.C. § 1983 and other applicable law.

13.    At all times relevant hereto, Defendant, Richard J. Ross, Jr. ("Ross"), was a citizen of the United States of America and a resident of the state of Pennsylvania.

14.    Defendant Ross is sued in his official capacity as the Chief of the Philadelphia Police Department and as successor-in-interest to the former Chief of the Philadelphia Police Department, Charles H. Ramsey.

15.    At all times relevant hereto, Defendant Ross was employed by the Defendant City and/or the Philadelphia Police Department and was acting under color of state law.

16.    As the Chief of the Philadelphia Police Department, Defendant Ross both exercised and delegated his municipal final decision making powers to the Internal Affairs Division of the Philadelphia Police Department ("Internal Affairs") and others.

17.    Upon information and belief, Defendant Ross also trained and supervised some or all of individual Defendant police officers as described herein.

18.    The Defendant City and Defendant Ross are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately-indifferent unconstitutional

decisions, policies, practice, habits, customs, usages, training and derelict supervision,
ratification, acquiescence and intentional failures which were moving forces in the complained-
of constitutional and statutory violations and resulting injuries.

19.     The Defendant City is also properly sued under 42 U.S.C. § 1983 for the
challenged delegated final decisions of Defendant Ross in his official capacity as the Chief of the
Philadelphia Police Department, and for those of any final delegated decision makers, with
respect to the hereinafter challenged deliberately-indifferent policies, decisions, widespread
habits, customs, usages and practices.

## IV. **STATEMENT OF FACTS**

20.     Plaintiff repeats and re-alleges paragraphs 1 through 19, as if they were fully set
forth herein.

21.     On or about September 14, 2016, Plaintiff was lawfully and peacefully residing at
his Residence.

22.     At approximately 4:30 p.m. on September 14, 2016, Plaintiff's mother, Sally
Cortese, telephoned (via "9-1-1") the Philadelphia Police Department (15th District) and
requested assistance.

23.     Sally Cortese claimed that Plaintiff had destroyed a flower bed at the Residence.

24.     Sally Cortese further claimed that there had been a physical altercation between
herself and Plaintiff which resulted in her having been injured.

25.     Defendants Sabatino and Vasquez entered the Residence with the permission of
Sally Cortese.

26.     Defendants Sabatino and Vasquez thereafter proceeded to handcuff, seize and arrest Plaintiff.

27.     When they entered the Residence, Defendants Sabatino and Vasquez ordered Plaintiff to raise his arms above his head and then handcuffed Plaintiff with his arms behind his back.

28.     During the course of the handcuffing, seizure and arrest, Sally Cortese informed Defendants Sabatino and Vasquez that Plaintiff had a pre-existing condition with regard to his left wrist.

29.     Sally Cortese, in fact, specifically requested that Defendants Sabatino and Vasquez refrain from applying the handcuffs to Plaintiff in a tight and/or restrictive manner.

30.     Plaintiff himself had informed Defendants Sabatino and Vasquez that he was scheduled to have a surgical procedure performed on his left wrist, and that they were applying excessive pressure to his wrists, thereby causing same to bleed.

31.     In response to Plaintiff's aforesaid statements, Defendant Sabatino stated to Plaintiff that "this is what you get for beating-up your mother."

32.     In retaliation for having exercised his First Amendment right of free speech, Defendant Sabatino tightened the handcuffs to exert even more pressure on Plaintiff's wrists.

33.     On numerous occasions thereafter, Plaintiff, and his mother, pleaded with, and even begged, Defendants Sabatino and Vasquez to loosen the grip of the handcuffs because he was experiencing great pain in his wrists.

34.     Notwithstanding his desperate pleas for mercy and relief, Defendants Sabatino and Vasquez failed to take any steps to alleviate the pressure that the handcuffs were exerting on his wrists.

35.     In fact, Defendants Sabatino and Vasquez proceeded to recklessly throw Plaintiff into a police paddy wagon.

36.     Plaintiff landed in the wagon on his back and on top of his handcuffed wrists, thereby causing Plaintiff even greater pain and agony and further injuries to his wrists.

37.     As a result of Plaintiff's continued complaints and requests for assistance, Defendants Sabatino and Vasquez took Plaintiff to the emergency room at Nazareth Hospital where he was treated for bruises to his body and the aforesaid injuries to his wrists.

38.     After he had been treated, Plaintiff was once again handcuffed and taken to the 15th Police District where he was processed.

39.     Plaintiff was thereafter confined to the Curran-Fromhold Correctional Facility (the "CFC") located at 7901 State Road, Philadelphia, Pennsylvania for a period of at least two (2) days.

40.     Despite repeated demands for assistance made by Plaintiff, Defendants refused to treat any of Plaintiff's injuries while he was confined to the CFC.

41.     Plaintiff was ultimately released from the CFC.

42.     All criminal claims and/or charges that were lodged or filed against Plaintiff were withdrawn.

6

43.     The aforesaid actions taken by Defendants Sabatino and Vasquez and the other individual Defendants named herein were illegal, inappropriate and insufficient to charge Plaintiff with any crime.

44.     After he had been released from the CFC, Plaintiff immediately sought emergency room care at Jeanes Hospital where he was evaluated, x-rayed, bandaged and administered antibiotics for a dangerous and spreading infection.

45.     Plaintiff continues to experience great pain and limitations with respect to his left wrist, including, without limitation, swelling, redness, soreness, bleeding, restrictions with regards to movement and exacerbations of pre-existing conditions.

46.     Plaintiff has sought treatment from various orthopedic specialists and received various forms of diagnostic testing.

47.     As a result of the aforesaid testing, Plaintiff has learned that, in addition to his pre-existing left wrist problems, he has suffered torn ligaments in his wrists as a result of the actions described above which will require further treatment, and possible surgery.

48.     As a direct result of the Defendants' excessive use of force, *i.e.,* the inappropriate and deliberately excessive application of handcuffs to his wrists, as described above, Plaintiff has suffered, without limitation, significant pain, suffering and agony, as well as humiliation, embarrassment and loss of life's pleasures.

49.     In addition to the above, Plaintiff has expended, and will continue to expend into the future, significant sums of monies for reasonable medical treatment for the injuries caused by the individual Defendant police officers named herein as described above.

50.     In addition to the above, the Plaintiff has suffered other losses, including, without limitation, the partial use of his left hand, and will continue to suffer such losses into the future to his great financial detriment.

51.     The individual Defendant police officers engaged in an illegal seizure of Plaintiff and had no probable cause to arrest, charge and/or confine him.

52.     Defendants Sabatino and Vasquez and the other individual Defendant police officers acted willfully, deliberately, maliciously and with reckless disregard for Plaintiff's constitutional and statutory rights.

53.     Each of the Defendants has engaged in the aforesaid actions for the purpose of violating Plaintiff's constitutional rights by subjecting him to, *inter alia,* unreasonable force, unlawful arrest, seizure and false imprisonment.

A.     The Investigatory and Disciplinary Process Employed By Internal Affairs

54.     The review process of Internal Affairs and the sufficiency of the disciplinary action taken by the Philadelphia Police Department in response to complaints of misconduct against police officers were the subjects of a report produced in December 2003 by the Integrity and Accountability Office of the Philadelphia Police Department (the "Report"). (*Id.* at 5-6.)

55.     The Report followed two extensive studies on the same subject. (*Id.*)

56.     These prior studies cited serious shortcomings in the disciplinary practices and procedures of the Philadelphia Police Department that compromised the integrity of the entire police force.  (*Id.*)

57.     One of the Report's conclusions was that "[t]he disciplinary system in the Philadelphia Police Department remains fundamentally ineffective, inadequate and unpredictable." (*Id.*)

58.     With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

(a)     failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

(b)     failing to punish adequately unconstitutional uses of force;

(c)     tolerating the use of unconstitutional force;

(d)     ongoingly failing to properly or neutrally investigate citizen complaints of excessive force;

(e)     tolerating, encouraging and permitting collusive statements by involved officers in such situations; and

(f)     Ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

59.     It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train law enforcement personnel in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

60.     With deliberate indifference to the rights of citizens to be free from racism in law enforcement, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to police racism by:

9

(a)     failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from racism in law enforcement;

(b)     failing to adequately punish race-based law enforcement actions;

(c)     ongoingly tolerating racism, slurs, and race-based selective law enforcement among the police force and in police decisions;

(d)     failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race-based animus and toleration of collusive statements by involved officers in such situations; and

(e)     ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

61.     It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to use race and race-based animus as motivating factors in police decisions and actions, as well as to fail to supervise and to train law enforcement personnel in the rights of citizens to be free from such race-based decision making in law enforcement.

62.     With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police retaliation to the exercise of such rights by:

(a)     failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of police without retaliation;

(b)     failing to adequately punish retaliation by police against members of the public who exercise their protected speech rights to object to police conduct;

(c)     tolerating the use of retaliation-based tactics on protected speech;

(d)     ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights; and

(e)     ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

10

63.     It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to retaliate against individuals for exercising their First Amendment rights, as well as to fail to supervise and train law enforcement personnel in the constitutional rights of individuals.

64.     With deliberate indifference to the rights of citizens to be free from malicious prosecution, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to the malicious prosecution and cover-up efforts by police officers by failing to investigate citizen complaints of police misconduct and instead accepting police accounts of events without question and rubber-stamping through Internal Affairs any police account given.

65.     It is the longstanding and widespread custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

66.     Internal Affairs routinely ratifies, acquiesces, rubber-stamps and tolerates the malicious collusive conduct and unconstitutional actions of police by routinely ignoring serious complaints of race-based or other violent retaliation and fabrication of evidence by the police force.

67.     Upon information and belief, Defendant City and Defendant Ross did exactly that here, deciding through Internal Affairs to ratify and declare to be within policy these unconstitutional, racist and retaliatory actions with a bogus, insufficiently investigated and partial

Internal Affairs finding of non-fault and justifiable use of deadly force by the police officers involved.

68.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional, state and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medical and/or psychological treatment caused by the unconstitutional and moving forces concerted conduct of all of these Defendants.

69.     Plaintiff is also entitled to punitive damages on each of his claims against each of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## V. CLAIMS FOR RELIEF

### COUNT I

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**
(Against the Individual Defendants)

70.     Plaintiff repeats and realleges paragraphs 1 through 69, as if they were fully set forth herein.

71.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . .

72. Plaintiff is a citizen of the United States of America and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

73. All of the individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

74. At the time of the complained-of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

75. Plaintiff also had the clearly-established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

76. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

77. Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

78. Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federally-protected rights.

79. The force used by the individual Defendant police officers against Plaintiff shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

13

80.     Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious-shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

81.     The force used by the Individual Defendant police officers against Plaintiff constituted deadly force in that such force could have caused death and did cause serious bodily injury.

82.     None of the individual Defendant police officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience-shocking excessive force of the other Defendant police officers or from the excessive force of later responding officers despite having a realistic and reasonable opportunity and having a duty to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force of each other officer.

83.     Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

84.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

85.     The acts or omissions of each of the individual Defendant police officers, Defendant City and Defendant Ross were moving forces behind Plaintiff's injuries.

86.     The individual Defendant police officers acted in concert and joint action with each other.

14

87.   The acts or omissions of the Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

88.   None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

89.   The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

90.   As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

91.   As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically-related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

92.   Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injuries in amounts to be ascertained in trial.

93.   Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

94.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of Plaintiff's constitutional rights.

## COUNT II

### 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment
(Against the Individual Defendants)

95.     Plaintiff repeats and realleges paragraphs 1 through 94, as if they were fully set forth herein.

96.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . .

97.     Plaintiff is a citizen of the United States of America and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

98.     All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

99.     At the time of the complained-of events, Plaintiff possessed the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

100.     Any reasonable police officer knew or should have known of this right at the time of the complained-of conduct as it was clearly established at that time.

101.     Plaintiff exercised his constitutionally protected right to question law enforcement officers and/or engage in protected speech related to the constitutional rights of citizens with respect to searches of their person or property by the police and objectionable police conduct.

102.     Retaliatory animus for Plaintiff's exercise of his constitutionally protected right to question Philadelphia police officers regarding the scope of their legal authority to search his person and property was a substantially motivating factor in the excessive force used by individual Defendants.

103.     The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

104.     All of the  individual Defendant police officers participated in this use of force as a means of retaliation for Plaintiff's protected speech and none of the Defendant police officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech, despite having a realistic and reasonable opportunity and having a duty to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force of each other police officer.

105.     Each of the Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

106.     The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

107.     The individual Defendant police officers acted in concert and joint action with each other.

108.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

109.     None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

110.     The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

111.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

112.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

113.     Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injuries in amounts to be ascertained in trial.

18

114.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.

§1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other

applicable law. There may also be special damages for lien interests.

115.    In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named Defendant police

officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these

individual Defendants have been taken maliciously, willfully or with a reckless or wanton

disregard of the constitutional rights of Plaintiff.

## COUNT III

**Violation of 42 U.S.C. § 1983 – Deliberately-indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against City and County of Philadelphia and Defendant Ross only)

116.    Plaintiff repeats and realleges paragraphs 1 through 115, as if they were fully set

forth herein.

117.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state or territory or the District
> of Columbia subjects or causes to be subjected any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the
> constitution and law shall be liable to the party injured in an action
> at law, suit in equity, or other appropriate proceeding for redress . .

118.    Plaintiff is a citizen of the United States of America and Defendants are persons

for purposes of 42 U.S.C. § 1983.

119.    Each of the Defendants was at all times relevant hereto acting under the color of

state law.

120.    Plaintiff had the following clearly established rights at the time of the complained-of conduct:

(a)    the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

(b)    the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

(c)    the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

(d)    the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

(e)    the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

121.    Defendant Ross and the Defendant City knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

122.    The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

123.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

124.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

125.    Defendant Ross, the Defendant City, and Internal Affairs were, at all times relevant hereto, policymakers for the City and County of Philadelphia and the Philadelphia Police

Department, and in that capacity established policies, procedures, customs and/or practices for the same.

126.   These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

127.   Defendant Ross and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

128.   In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights, such as those described herein, that the failure to provide such specialized training and supervision is deliberately-indifferent to those rights.

129.   The deliberately-indifferent training and supervision provided by the Defendant City and Defendant Ross resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendant City and Defendant Ross and were moving forces in the constitutional and federal violation injuries complained-of by Plaintiff.

130.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

131.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically-related expenses related expenses and may continue to incur further medical expenses or other special damages, in amounts to be established at trial.

132.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injuries in amounts to be ascertained in trial.

133.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

134.    Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and other applicable law to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs and usages, and training and supervision, with respect to the rights described herein, and with respect to the ongoing policy and/or practice of Internal Affairs of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction.

## COUNT IV

### (Assault and Battery)
(Against All Individual Defendants)

135.    Plaintiff repeats and realleges paragraphs 1 through 134, as if they were fully set forth herein.

136.    As set forth in this Complaint, the individual Defendant police officers individually and/or jointly and in conspiracy, in the course of stopping, searching and arresting Plaintiff, assaulted Plaintiff without reasonable or probable cause.

137.    The individual Defendant police officers are liable for assault and battery upon Plaintiff because it was proximately caused by their unlawful actions as set forth in this Complaint.

138.    The use of excessive force by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and other applicable law.

139.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

140.    As a result of the wrongful acts of the individual Defendant police officers in assaulting Plaintiff,  Plaintiff has suffered the injuries and damages described in this Complaint.

141.    As a proximate result of the unlawful conduct of the individual Defendant police officers, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

23

## COUNT V

**(False Arrest and False Imprisonment)**
(Against All Individual Defendants)

142.   Plaintiff repeats and realleges paragraphs 1 through 141, as if they were fully set forth herein.

143.   The individual Defendant police officers, individually and/or jointly, and in concert with each other, falsely arrested and falsely imprisoned Plaintiff without reasonable or probable cause.

144.   The individual Defendant police officers are liable for the false arrest and false imprisonment of Plaintiff because it was proximately caused by their unlawful actions as set forth in this Complaint.

145.   The use of excessive force by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and other applicable law.

146.   None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because the Individual Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

147.   As a result of the wrongful acts of the individual Defendant police officers in falsely arresting and falsely imprisoning Plaintiff, Plaintiff has suffered the injuries and damages described in this Complaint.

148.   As a proximate result of the unlawful conduct of the individual Defendant police officers, Plaintiff has suffered actual physical and emotional injuries, and other damages and

24

losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

## COUNT VI

**(Intentional Infliction of Emotional Distress)**
(Against All Individual Defendants)

149.    Plaintiff repeats and realleges paragraphs 1 through 148, as if they were fully set forth herein.

150.    The individual Defendant police officers and their co-conspirators intentionally engaged in extreme and outrageous behavior against Plaintiff including, but not limited to, employing unlawful search and seizure tactics, including psychological manipulation and physical coercion.

151.    The individual Defendant police officers are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth in this Complaint.

152.    The use of excessive force by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and applicable state law.

153.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because the Individual Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

154.   The individual Defendant police officers' outrageous behavior caused Plaintiff to suffer severe emotional distress including, but not limited to, anxiety, fear, anger, depression, and the injuries described in this Complaint.

155.   As a proximate result of the unlawful conduct of the individual Defendant police officers, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

## COUNT VIII

### (Conspiracy)
(Against All Defendants)

156.   Plaintiff repeats and realleges paragraphs 1 through 155, as if they were fully set forth herein.

157.   The individual Defendant police officers and other unknown persons, while acting under color of the laws of the Commonwealth of Pennsylvania, did conspire, combine, confederate, and agree to injure, oppress, threaten, and intimidate Plaintiff in the exercise or enjoyment of a right, secured and protected by the Constitution of the United States, that is, to be free from excessive force being used during a search and seizure by those acting under color of law, by agreeing to use excessive force against Plaintiff during their arrest.

158.   The individual Defendant police officers and other unknown persons, while acting under color of the laws of the Commonwealth of Pennsylvania, did conspire, combine, confederate, and agree to injure, oppress, threaten, and intimidate Plaintiff in the exercise or enjoyment of a right, secured and protected by the Constitution of the United States, that is, to be free from false arrest, false imprisonment and the use of excessive force.

26

159.   The individual Defendant police officers and other persons, some of whom are not yet identified, including, but not limited to, law enforcement personnel, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired among and between them to falsely arrest, falsely imprison and intentionally inflict severe emotional distress upon Plaintiff.

160.   In furtherance of this conspiracy or conspiracies, the individual Defendant police officers, together with the unnamed co-conspirators, committed the overt acts described in this Complaint, including, but not limited to, employing excessive force to falsely arrest and falsely imprison and intentionally inflict severe emotional distress upon Plaintiff.

161.   The individual Defendant police officers are liable for this conspiracy because it was proximately caused by their unlawful acts and omissions as described in this Complaint.

162.   None of the Individual Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because the individual Defendant police officers engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

163.   This conspiracy proximately caused the injuries to Plaintiff as described in this Complaint.

164.   As a proximate result of the unlawful conduct of the individual Defendant police officers, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

27

WHEREFORE, with respect to each of the foregoing Counts, Plaintiff, John A. Cortese, Jr., prays that this Court enter judgment for Plaintiff, John A. Cortese, Jr., and against each of the Defendants named herein and grant the following relief:

(a)    compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(b)    economic losses on all claims allowed by law;

(c)    special damages in an amount to be determined at trial;

(d)    punitive damages on all claims allowed by law against the individual Defendants in an amount to be determined at trial;

(e)    attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, or other applicable law, including expert witness fees, on all claims allowed by law;

(f)    pre- and post-judgment interest at the lawful rate; and

(g)    any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

_____
David B. Sherman, Esquire
Solomon, Sherman & Gabay
1628 JFK Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA  19103
(215)  665-1100

Counsel for Plaintiff, John A. Cortese, Jr.

Dated:   May 5, 2020

28