**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **JOHN A. CORTESE, JR.,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | No. 18-3804 |
| | : | |
| v. | : | |
| | : | |
| **ARTHUR SABATINO, et al.** | : | |
| | : | |
| Defendants | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of Defendant Edgar Vazquez's Motion for Partial Summary Judgment, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that summary judgment as to Count VI and Count VIII[1] of the Amended Complaint are entered in favor of Defendant Edgar Vazquez and against Plaintiff John A. Cortese, Jr.

**BY THE COURT:**

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

---

[1] Plaintiff's Amended Complaint labels its final cause of action "Count VIII," when in fact it is the seventh count. For consistency's sake, the Court has referred to this claim as Count VIII, but recognizes that it is, in fact, Plaintiff's seventh cause of action.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. CORTESE, JR., | : |
| Plaintiff, | : CIVIL ACTION<br>: No. 18-3804 |
| v. | : |
| ARTHUR SABATINO, et al. | : |
| Defendants | : |

**DEFENDANT EDGAR VAZQUEZ'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Edgar Vazquez, by and through the undersigned counsel, hereby files this Motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court enter summary judgment in favor of Defendant as to Count VI (Intentional Infliction of Emotional Distress) and Count VIII (Conspiracy).[2]

Date: August 19, 2020

Respectfully submitted,

 /s/ Andrew F. Pomager
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

---

[2] Defendant was not served with the Amended Complaint, which joined him to this action, until after the dispositive motion deadline. This motion is identical in all substantive respects to Defendant Arthur Sabatino's Motion for Partial Summary Judgment (ECF No. 33).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. CORTESE, JR., | : |
|                           Plaintiff, | : CIVIL ACTION<br>: No. 2:18-cv-3804-MMB |
| v. | : |
| ARTHUR SABATINO, et al. | : |
|                         Defendants | : |

**MEMORANDUM IN SUPPORT OF
DEFENDANT EDGAR VAZQUEZ'S
PARTIAL MOTION FOR SUMMARY JUDGMENT[1]**

      The Court should enter summary judgment in favor of Defendant Edgar Vazquez as to Counts VI and Count VIII[2] of Plaintiff John A. Cortese, Jr.'s Amended Complaint. Plaintiff has disclosed no expert medical evidence of emotional distress necessary to sustain an intentional infliction of emotional distress (IIED) claim, and has adduced no record evidence of an agreement between the arresting officers necessary to sustain a conspiracy claim.

**I.    STATEMENT OF UNDISPUTED FACTS**

      1.     Plaintiff brought this civil rights action arising from his September 14, 2016 arrest at his home by Defendant Arthur Sabatino and moving Defendant Edgar Vazquez, both Philadelphia Police Officers. See Am. Compl. ¶¶ 3, 21–26 (ECF No. 27). Plaintiff asserted,

---

[1] This motion is identical in all substantive respects to Defendant Arthur Sabatino's Motion for Partial Summary Judgment (ECF No. 33). That memorandum is repeated verbatim here except in one instance where necessary to distinguish the moving party, (Section I, ¶ 1).

[2] Count VIII is in fact the seventh count and appears to be mislabeled "Count VIII." It is referred to as Count VIII herein.

among others, claims of intentional infliction of emotional distress in Count VI of and conspiracy in County VIII. Id. at ¶¶ 149–164.

2. Plaintiff only saw the two arresting officers, Sabatino and Vazquez, together after already being handcuffed and taken outside of his home. See John A. Cortese Dep., Dec. 4, 2019, 32:19–33:8 (Ex. A).

3. While being walked from the home to a police vehicle, the officers "didn't say anything. Id. at 35:2–35:12.

4. At the back of a police wagon, Officer Sabatino is alleged to have said "turn around" and "this is what you get for beating your mom up." Id. at 36:19–37:3.

5. Thereafter, Officer Sabatino allegedly shoved Plaintiff into the wagon, injuring his handcuffed wrists. Id. at 37:20–38:6.

6. Plaintiff does not recall anything Officer Vazquez said at the time. Id. at 38:19–38:23.

7. Plaintiff has not identified an expert witness to provide a medical opinion concerning any emotional distress he has suffered. See Pl.'s Answers to Deft.'s Interrogatories, ¶ 7 (Ex. B).[3]

8. In response to Defendant's Interrogatory No. 7, "If you are claiming you suffered psychological or emotional injury as the result of Defendants' actions, identify [certain specified details of treatment for those injuries]," Plaintiff responded, "N/a." Pl.'s Answers to Deft.'s Interrogatories, ¶ 7 (Ex. B).

---

[3] Because the complete answers to interrogatories contain potentially sensitive information not relevant to this motion, and because the content of these answers are unlikely to be disputed, only the applicable page is attached. Defendant is of course prepared to supplement the remainder at the Court's direction.

## II.     ARGUMENT

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(a). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). When moving for summary judgment, the moving party bears the initial burden of identifying those portions of the record that he believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Id. at 322–24. The plaintiff must show there is more than some metaphysical doubt as to the material facts. Modaffore v. Owens-Brockway Glass Container, Inc., 643 F. Supp. 2d 697, 699–700 (E.D. Pa. 2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

All inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. Id. at 700 (citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000)). However, "an inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Id. Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hosp. of Univ. of Pa., No. 88-4865, 1993 WL 153810, at *2 (E.D. Pa. May 7, 1993). "Plaintiff *must present affirmative evidence* in order to defeat [a] properly supported motion for [summary] judgment." Poles v. St. Joseph's Univ., No. 92-6797, 1995 WL 542246, at *5 (E.D. Pa. Sept. 11, 1995) (emphasis added).

3

Self-serving, conclusory affidavits and deposition testimony, standing alone, are only sufficient to withstand a motion for summary judgment if, when compared to other record evidence, a rational factfinder could "credit the plaintiff's testimony, despite its self-serving nature." McBride v. Am. Substance Abuse Prof., Inc., 917 F. Supp. 2d 419, 426–27 (E.D. Pa. 2012); see Johnson v. MetLife Bank, N.A., 883 F. Supp. 2d 542, 549 (E.D. Pa. 2012).

### A. Plaintiff Has Adduced No Competent Medical Evidence of Emotional Distress to Sustain an IIED Claim

It is fundamental tort law that an injury is an element to be proven in a claim for intentional infliction of emotional distress. Kazatsky v. King David Memorial Park, Inc., 515 Pa. 183, 197 (1987). Therefore, in this case, Plaintiff must prove the existence of the alleged emotional distress by competent *medical* evidence; that is "expert *medical* confirmation that plaintiff actually suffered the claimed distress." Id. (emphasis added). In Kazatsky, the Pennsylvania Supreme Court held:

> Given the advanced state of medical science, it is unwise and unnecessary to permit recovery to be predicated on an inferences based on the defendant's "outrageousness" without expert medical confirmation that the plaintiff actually suffered the claimed distress. Moreover, the requirement of some objective proof of severe emotional distress will not present an unsurmountable obstacle to recovery. Those truly damaged should have little difficulty in procuring reliable testimony as to the nature and extent of their injuries. We therefore conclude that if section 46 of the Restatement is to be accepted in this Commonwealth, at the very least, existence of the alleged emotional distress must be supported by competent medical evidence.

Id. at 197–98.

Through discovery, Plaintiff has produced no competent medical evidence, and certainly no expert medical evidence, to support his alleged emotional distress arising from this incidence. Based on his response to Interrogatory No. 7, he appears to now disclaim that he suffered any emotional distress in the first place. For this reason, summary judgment as to Plaintiff's IIED claim should be granted in favor of Defendant.

4

### B. Plaintiff Has Not Adduced Record Evidence of an Agreement Necessary to Maintain His Conspiracy Claim

To prove a claim for conspiracy under § 1983, a plaintiff must show "(1) the existence of a conspiracy involving state action; and (2) a deprivation of rights in furtherance of the conspiracy by a party to the conspiracy." Disco v. Roth, No. 17-4132, 2018 WL 3387381, at *7 (E.D. Pa. July 12, 2018). The plaintiff must allege there was an agreement or meeting of the minds to deprive him of his rights. Id. (citing Starzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008)). Nothing in the record supports that Officers Sabatino and Vazquez came to an agreement to violate Plaintiff's rights or shove him in a way that injured him. To the contrary, based on Plaintiff's own testimony, the officers said nothing he could recall or hear when taking him to their vehicle, except for Officer Sabatino's alleged comments to "turn around," and "this is what you get for beating your mom up." There is no indication in the record Officer Sabatino conferred with or otherwise came to a "meeting of the minds" with Officer Vazquez or anyone else prior to allegedly causing Plaintiff's injury. Accordingly, Plaintiff's conspiracy claim cannot be proven at trial.

### III. CONCLUSION

For all the foregoing reasons, the Court should enter summary judgment in favor of Defendant as to Counts VI and VIII.

Date:  August 19, 2020                                   Respectfully submitted,

                                                                  /s/ Andrew F. Pomager
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. CORTESE, JR., | : |
| | : |
| **Plaintiff,** | : CIVIL ACTION |
| | : No. 2:18-cv-3804-MMB |
| v. | : |
| | : |
| ARTHUR SABATINO, et al. | : |
| | : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the Defendant Edgar Vazquez's Motion for Partial Summary Judgment was filed via the Court's electronic filing system and is available for downloading.

Date: August 19, 2020

Respectfully submitted,

 /s/ Andrew F. Pomager
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov