IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN A. CORTESE, JR. | CIVIL ACTION |
|---|---|
| v. | NO. 18-3804 |
| ARTHUR SABATINO, DAMON VASQUEZ, DOES 1-10, RICHARD J. ROSS, JR., and THE CITY OF PHILADELPHIA | |

**MEMORANDUM RE: PARTIAL MOTIONS FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                       **November 5, 2020**

## I.  Introduction

John A. Cortese ("Plaintiff") has brought a § 1983 claim against Officers Damon Vasquez and Arthur Sabatino ("Defendants") for their actions during his arrest in September 2016. Specifically, Plaintiff alleged that the Defendants injured his left wrist by excessively tightening his handcuffs during his arrest, despite knowledge that he had a preexisting condition there, then by throwing him into the police car directly onto his injured wrist.

Defendants have filed near-identical partial motions for summary judgment (ECF 33 and 38, collectively, "the Motions") regarding Counts VI (intentional infliction of emotional distress ("IIED")) and VIII (conspiracy).[1] Plaintiff consents to the Court granting Defendants' summary judgment regarding Count VIII but opposes it for Count VI. But, based on Plaintiff's failure to provide competent medical evidence of his emotional distress, the Court finds that Plaintiff has failed to satisfy the evidentiary standard required for an IIED claim to survive summary judgment. The Court will therefore GRANTS Defendants summary judgment as to Counts VI and VIII.

---

[1] The Amended Complaint labels its final cause of action "Count VIII," when in fact it is the seventh count. For consistency's sake, the Court will refer to the conspiracy claim as Count VIII.

1

## II.    Factual Background

The following undisputed facts are drawn from Defendant Arthur Sabatino's Statement of Undisputed Facts in his memorandum in support of his motion (ECF 33, "Defs.' Memo.")[2] at 3 and Plaintiff's Statement of Facts in his response memorandum (ECF 35, "Pl.'s Memo.").[3]

Defendants Sabatino and Vasquez arrested Plaintiff at his home on September 16, 2016. Defs.' Memo. at 1 ¶ 1. Plaintiff's mother had called the police, reporting that Plaintiff had destroyed her property and injured her in a physical confrontation. Pl.'s Memo. at 3. During the arrest, Plaintiff and his mother told Sabatino and Vasquez that Plaintiff had injured wrists and that he required surgery on his wrists. Id.

Plaintiff did not see Defendants speak to each other until after he had been handcuffed and taken outside. Defs.' Memo. at 2 ¶ 2. The first time either officer spoke to him was when he was at the back of the police vehicle, and Sabatino told him to "turn around." Id. at 2 ¶ 4. Sabatino also told him "this is what you get for beating your mom up." Id. He then shoved Plaintiff into the vehicle, where Plaintiff landed on — and re-injured — his handcuffed wrists. Id. at 2 ¶ 5. Plaintiff does not recall anything that Vasquez said during the arrest. Id. at 2 ¶ 6.

The City ultimately released Plaintiff after this arrest and withdrew all criminal charges against him. Pl.'s Memo. at 4. After his detention, he sought further medical care for his wrist

---

[2] Defendants' memoranda are identical except in references to the identity of the moving party. ECF 38 at 1 n.1. Plaintiff's response memoranda likewise are identical in all relevant respects. ECF 42 at 2.

[3] While Plaintiff's response contains a statement of facts section, it is supported only by citations to his Amended Complaint (ECF 27). A response to a motion for summary judgment, however, must rely on citations to the record. See Fed. R. Civ. P. 56(c); Veverka v. Royal Caribbean Cruises Ltd., 649 F. App'x 162, 168-69 (3d Cir. 2016). The Court includes relevant allegations here only to the extent that they provide context for the claim at issue. These allegations do not affect the Court's conclusions nor, if taken as true, would they affect the outcome. Infra Section V, Discussion.

pain and a spreading infection caused by the arrest. Id.

During discovery, Plaintiff has not identified a medical expert to testify regarding his emotional distress or injury. Defs.' Memo. at 2 ¶ 7. In response to an interrogatory asking him to identify details of his treatments for "psychological or emotional injury" if he was claiming to have suffered them, Plaintiff responded "N/a." Id. at 2 ¶ 8.

### III. Procedural History

In September 2018, Plaintiff sued Sabatino, initially alongside the City of Philadelphia, Richard Ross Jr., and Damon Vasquez, for seven claims arising from his arrest. ECF 1. Defendants filed a motion to dismiss Plaintiff's complaint, ECF 3, which the Court granted in part, dismissing Counts III, V, and VII without prejudice. ECF 8. Plaintiff subsequently amended his complaint, including correcting his complaint caption to substitute Edgar Vasquez for a mistakenly included officer as a named defendant. ECF 27.

After the Amended Complaint, Richard Ross Jr. and the City of Philadelphia renewed their motion to dismiss those claims that named them as defendants. ECF 32. The Court granted the motion and dismissed those claims with prejudice. ECF 39.

Presently before the Court are Sabatino and Vasquez's motions for partial summary judgment. Sabatino filed his motion on June 29, 2020. ECF 33. Plaintiff responded August 5, 2020. ECF 33. Cortese filed his motion for partial summary judgment on August 19, 2020, ECF 38, and Plaintiff filed his response on September 3, 2020. ECF 42.

### IV. Legal Standard

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

A party seeking summary judgment "bears the initial burden of demonstrating the absence of any genuine issue of material fact." Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party can satisfy this burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, the adverse party's response must set out specific facts, and not mere allegations, showing a genuine issue for trial by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "[T]he non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." Huang, 271 F.3d at 564.

Under Rule 56, this Court must view the evidence presented on the motion in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## V. Discussion

Defendants move for summary judgment regarding Count VI (IIED) and Count VIII (Conspiracy). Defs.' Memo. at 2. While Plaintiff consents to summary judgment for Count VIII, Pl.'s Memo. at 1 n.1, the parties disagree as to the sufficiency of Plaintiff's IIED claim.

"[T]o survive a motion for summary judgment [on an IIED claim], the plaintiff must . . . present competent medical evidence of causation and severity of his emotional distress." Silver v. Mendel, 894 F.2d 598, 607 n.19 (3d Cir. 1990) (citations omitted); see also McCracken v. R.J. Reynolds Tobacco, 821 F. App'x 122, 127–28 (3d Cir. 2020) (affirming summary judgment of

4

IIED claim where plaintiff introduced "no evidence, let alone 'competent medical evidence,'" of emotional distress). Defendants indicate that Plaintiff has failed to indicate that necessary "competent medical evidence" of emotional distress here. Defs.' Memo. at 1. The Court agrees.

Although Defendants do not dispute that Plaintiff has suffered a physical injury, Plaintiff's sole support for his emotional injury is in his Amended Complaint, which alleges that Defendants' "outrageous behavior caused Plaintiff to suffer severe emotional distress including, but not limited to, anxiety, fear, anger, [and] depression . . . ." Am. Compl. at ¶ 154. Plaintiff's opposition to the Motions does not indicate any further medical support for this claim.

Where a claim for IIED includes allegations of "serious and permanent injuries" but Plaintiff relies on "a single, unattributed allegation . . . [of] severe emotional distress," Plaintiff's "failure to direct the Court to [competent medical evidence] is fatal to his claim." Martin v. City of Reading, 118 F. Supp. 3d 751, 768–69 (E.D. Pa. 2015) (Leeson, J.). Plaintiff's unsupported allegation of emotional injury, without competent medical evidence, is insufficient to survive a motion for summary judgment. The Court will therefore GRANT Defendants' request for summary judgment as to Count VIII.

## VI. Conclusion

For the reasons given above, the Court GRANTS Defendants' motions for summary judgment on Counts VI and VIII. An appropriate order follows.

O:\CIVIL 18\18-3804 Cortese v. Sabatino\Memo re MSJ 10.19.docx