# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN A. CORTESE, JR., | : | |
|  | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
|  | : | |
| v. | : | |
|  | : | **NO: 18-3804** |
| ARTHUR SABATINO, et al., | : | |
|  | : | |
| **Defendants** | : | |
|  | : | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

### Brief Statement and Jurisdiction

This case involves a civil rights claim against the City of Philadelphia and specific police officers for use of excessive force. Jurisdiction arises as a result of the nature of the violation of Plaintiff's civil rights. There is no challenge to jurisdiction in this case.

### Statement of Facts

On September 14, 2016, Plaintiff, John Cortese, Jr. was residing at 7816 Lexington Avenue in Philadelphia. He resided with his parents, Sally and John Cortese. It should be noted that at the time, Plaintiff had obtained a protection from abuse order restraining Sally Cortese from any kind of physical or harmful interaction with Plaintiff. See Exhibit "A", Protection from Abuse. On the day in question, Plaintiff was on his property, specifically caring for his elderly father, John Cortese, Sr. who was suffering from Alzheimer's disease. Unfortunately, John Cortese, Sr. died this past year.

In addition, it should be noted that at all times pertinent hereto, Plaintiff, John Cortese, Jr. was the owner of the property. Specifically, he was outside performing gardening work on the property when an argument erupted between Plaintiff, John Cortese, Jr. and his mother, Sally

Cortese which resulted in Sally physically and verbally assaulting Plaintiff, John Cortese, Jr.

Apparently, Sally Cortese called the police who arrived at the scene in approximately 20

minutes.  Plaintiff, John Cortese, Jr. was fully aware of the call and stayed in the property

waiting calmly for the police to arrive and to explain the circumstances of the call.  See Exhibit

"B", police investigative report.  The police literally barged into the property, and without

investigation or question, handcuffed Plaintiff, John Cortese, Jr. in an aggressive manner, despite

both Plaintiff and his mother explaining to the police that John was scheduled for bilateral wrist

surgery with a significant pre-existing wrist injury.  Regrettably, the police did not provide any

opportunity for explanation or reaction and did not listen to their pleas.  Instead, they handcuffed

Plaintiff with excessive force and unnecessarily placing his hands behind his back and continued

to shove him down the pathway with excessively tight handcuffs. During this time, Plaintiff and

his mother tried in vain to explain his existing physical condition.  At the point they reached the

car, the two Defendant police officers shoved him hard inside the car and as a result of that

physical movement, Plaintiff was caused to suffer excruciating pain to his wrists.  At some point

inside the car, the Defendant officers recognized the seriousness of his condition and took him

straight to Nazareth Hospital.

At the hospital, Plaintiff was treated and evaluated on an emergency basis.  The

Defendant officers assumed that Plaintiff, John Cortese, Jr. was beating up his mother and they

stated the same, despite the fact that he never touched her, according to his testimony and the

testimony of his mother, Sally Cortese.  In addition, they failed to listen to his (and his mother's

pleas) for help and used excessive force which was totally unnecessary by shoving and pushing

Plaintiff into the car, resulting in serious injuries, particularly to the left wrist.  Based on the

Defendants' testimony, Plaintiff will prove that the Defendant Officers exercised excessive force which was totally unnecessary and inappropriate under the circumstances as stated above.

**Injuries**

As a result of the incident, Plaintiff treated with his longtime family doctor who opined that those injuries from the handcuffs contributed to his pre-existing conditions to include torn ligaments as well as worsening of osteoarthritis in the left wrist. Dr. Tedaldi provided a report, together with Plaintiff's testimony which indicates that Plaintiff suffered from complex regional syndrome as a result of the handcuffing of the wrist on the date of this occurrence. This condition is difficult to treat; it is permanent and will likely worsen. See Exhibit "C", Report of Dr. Ellen Tedaldi.

**Monetary Damages**

Plaintiff's claim is limited to the pain and suffering set forth in his explanation of worsening of pain, limitations of movement and restrictions as well as emotional distress, embarrassment, humiliation and partial loss of use of his wrists, as he testified and which is consistent with his doctor's report.

**Witnesses**

1.  Plaintiff, John Cortese, Jr.

2.  Plaintiff's, mother, Sally Cortese

3.  Medical expert and treating physician, Dr. Ellen M. Tedaldi

4.  Defendant, Edgar Vasquez, City of Philadelphia Police Department

5.  Defendant, Arthur Sabatini, City of Philadelphia Police Department

6.  Corporate designee for medical records and protection from abuse.

**Exhibits**

1. Defendant police officers' depositions – in possession of the parties (actual exhibits to be supplied)

2. Protection of abuse Order(s)

3. Police Incident report

4. Responses to Discovery provided by Defendant and Plaintiff

**Trial Length**

4 days

BY: _____

DAVID B. SHERMAN, ESQUIRE
Attorney for Plaintiff, John A. Cortese, Jr.

Dated: November 16, 2020

# EXHIBIT "A"

 IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

John Cortese

                     PETITIONER

VS.

Sally Smith

                    RESPONDENT

Apr Term, 2018

NO. 1804V7933

EMERGENCY PROTECTION FROM ABUSE

## NOTICE OF HEARING AND ORDER

### YOU HAVE BEEN SUED IN COURT.

IF you wish to defend against the claims set forth in the following papers, you must appear at the hearing scheduled herein. If you fail to do so, the case may proceed against you and a Final Order may be entered against you granting the relief requested in the Petition. In particular, you may be evicted from your residence, be prohibited from possessing any firearm, other weapon, ammunition, or any firearm license, and lose other important rights, including custody of your children. Any protection order granted by a court may be considered in subsequent proceedings under Title 23(Domestic Relations) of the Pennsylvania Consolidated Statutes, including child custody proceedings under Chapter 53 (relating to custody).

You must appear at the hearing on **The 2nd Day Of May, 2018**

At **9:00 AM** before _____ in:
Courtroom **3E, 1501 Arch Street, Philadelphia, PA 19102.**

If an order of protection has been entered, you MUST obey the Order until it is modified or terminated by the Court after notice and hearing. If you disobey this Order, the police or sheriff may arrest you. Violation of this Order is punishable by a fine of up to $1,000 and/or up to six months in jail under 23 Pa. C.S.A. §6114. Violation may also subject you to prosecution and criminal penalties under the Pennsylvania Crimes Code. Under federal law, 18 U.S.C. §2265, this Order is enforceable anywhere in the United States, tribal lands, U.S. territories, and the Commonwealth of Puerto Rico. If you travel outside of the state and intentionally violate this Order, you may be subject to federal criminal proceedings under the Violence Against Women Act, 18 U.S.C. §2261-2262.

A copy of an Emergency Order is attached. You must obey it or the police may arrest you. This Emergency Order will be reviewed by a Judge of the Court of Common Pleas on **The 30th Day Of April, 2018.** At that time, a Temporary Order may be entered against you containing some or all of the relief requested by the Plaintiff. You can call the Domestic Violence Unit at (215) 686-3511 for procedural information. You may pick up a copy of the Temporary Order at 1501 Arch Street, Family Court Building, 8th Floor, the day after it is reviewed by a Judge.

DV012 % REV 10/12

If this Order directs you to relinquish any firearm, other weapon, ammunition or any firearm license to the sheriff, you may do so upon service of this Order. As an alternative, you may relinquish any firearm, other weapon or ammunition listed herein to a third party provided you and the third party first comply with all requirements to obtain a safekeeping permit. 23 Pa. C.S.A. §6108.3. You must relinquish any firearm, other weapon, ammunition or any firearm license listed in the order no later than 24 hours after service of the Order. If, due to their current location, firearms, other weapons or ammunition cannot reasonably be retrieved within the time for relinquishment, you must provide an affidavit to the sheriff listing the firearms, other weapons or ammunition and their current location no later than 24 hours after service of this order. Failure to timely relinquish any firearm, other weapon, ammunition or any firearm license shall result in a violation of this Order and may result in criminal conviction under the Uniform Firearms Act, 18 Pa. C.S.A. §6105.

**NOTICE:** Even if this Order does not direct you to relinquish firearms, you may be subject to federal firearms prohibitions and federal criminal penalties under 18 U.S.C. §922(g)(8).

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. YOU HAVE THE RIGHT TO HAVE A LAWYER REPRESENT YOU AT THIS HEARING. THE COURT WILL NOT, HOWEVER, APPOINT A LAWYER FOR YOU.IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. IF YOU CANNOT FIND A LAWYER, YOU MAY HAVE TO PROCEED WITHOUT ONE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701

CASE ID 1804V7933

**EMERGENCY PETITION FOR
PROTECTION
FROM ABUSE**

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
NO.   1804V7933

## 1.   PLAINTIFF

| John | | Cortese | | 3/26/1965 |
|------|--|---------|--|-----------|
| First | Middle | Last | | Plaintiff's DOB |

Plaintiff's Address:

[   ] Plaintiff's Address is confidential   or   [X]   Plaintiff's address is:      7816 Lexington Ave
Philadelphia, PA 19152

V.

## 2. DEFENDANT

| Sally | | Smith | | |
|-------|--|-------|--|--------|
| First | Middle | Last | | Suffix |

Defendant's Address:

7816 Lexington Ave
Philadelphia, PA 19152

| DEFENDANT IDENTIFIERS | | | |
|---|---|---|---|
| DOB | 6/29/1938 | HEIGHT | 0 ft 0 inches |
| SEX | Female | WEIGHT | 0 |
| RACE | Caucasian | EYES | |
| HAIR | | | |
| SSN | 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 | | |
| DRIVERS LICENSE # | | | |
| EXP DATE | | STATE | |

**CAUTION:**

[   ]   Weapon Involved
[   ]   Weapon Present on the Property
[   ]   Weapon Requested Relinquished

Defendant's place of employment is :  none

[   ] Check here if you have reason to believe that Defendant is a licensed firearms dealer; is employed by a licensed firearms dealer or manufacturer; is employed as a writer, researcher or technician in the firearms or hunting industry; or is required to carry a firearm as a condition of employment.

3. I am filing this petition on behalf of :  [X] Myself or [   ] Another person.

If you checked "myself", please answer all questions referring to yourself as "Plaintiff". If you ONLY checked "another person", please answer all questions referring to that person as the "Plaintiff", and provide your name and address here, as filer, unless confidential.

Filer's Name:

| John | | | Cortese | |
|------|--|--|---------|--|
| First | Middle | | Last | |

[   ]   Filer's address is confidential   or   [X]   Filer's address is:        7816 Lexington Ave
If you checked "Another Person" indicate your relationship with      Philadelphia, PA 19152
The Plaintiff:

[   ]   parent of minor Plaintiff(s)

[   ]   applicant for appointment as guardian ad litem of minor Plaintiff(s)

[   ]   adult household member with minor Plaintiff(s)

[   ]   court appointed guardian of incompetent Plaintiff(s)

4.   Name(s) of all persons, including minor child/ren who seek protection from abuse:

| Name | DOB | Name | DOB | Name | DOB |
|------|-----|------|-----|------|-----|
| John Cortese | 3/26/1965 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Page 1 of 6

CASE ID 1804V7933

5.  Indicate the relationship between Plaintiff and Defendant:
    CHECK ALL THAT APPLY:

    [  ]  spouse or former spouse of Defendant
    [  ]  parent of a child with Defendant
    [  ]  current or former sexual or intimate partner with Defendant
    [  ]  child of Plaintiff
    [X]  child of Defendant
    [  ]  family member related by blood (cosanguinity) to Defendant
    [  ]  family member related by marriage or affinity to Defendant
    [  ]  sibling (person who shares parenthood) of Defendant

    [  ]  Check here if Defendant is 17 years old or younger.

6.  Plaintiff and Defendant are involved in the following court actions:
    [  ] Divorce   [  ] Custody   [  ] Support   [  ] Protection from abuse
    The above referenced actions were filed:

7.  The Defendant **HAS NOT** been involved in any criminal court action.

    The Defendant **IS NOT** currently on probation.

8.  Plaintiff and Defendant are the parents of the following minor child(ren).

| Name(s) | Age(s) | Name(s) | Age(s) |
|---------|--------|---------|--------|
|         |        |         |        |
|         |        |         |        |
|         |        |         |        |
|         |        |         |        |

9.  For the Plaintiff & Defendant there **IS NOT** an existing custody order for the minor children in
    Philadelphia court with the following terms:

DVS18i REV  11:08

COMMONWEALTH OF PENNSYLVANIA

AOPC 307-89

## PETITION FOR EMERGENCY RELIEF FROM ABUSE

| NAME OF ISSUING AUTHORITY *(Please Type)*: | PLAINTIFF | Plaintiff requests confidentiality of permanent/temporary address. |
|---|---|---|
| **Macon, Baxter** | VS. | NAME **John Cortese** AND ADDRESS 7816 Lexington Ave Philadelphia, PA 19152 |
| MAGISTERIAL DISTRICT NUMBER First Judicial District of Pennsylvania | | |
| PETITION NUMBER: **1804V7933** | DEFENDANT | NAME **Sally Smith** AND ADDRESS 7816 Lexington Ave Philadelphia, PA 19152 |
| DATE FILED: **4/27/2018** | | |

## PETITION OF THE PLAINTIFF

I, **John  Cortese** , hereby petition for emergency relief from abuse
*Name of Plaintiff (Please Type)*

[ ]  parent of minor Plaintiff(s)
[ ]  applicant for appointment as guardian ad litem of minor Plaintiff(s)
[ ]  adult household member with minor Plaintiff(s)
[ ]  court appointed guardian of incompetent Plaintiff(s)

Name:                                          Name:
Address:                                       Address:
Name:                                          Name:
Address:                                       Address:

Emergency relief from abuse is required because there is immediate and present danger of abuse by the defendant to (me) and to the above listed (child) (children) (incompetent adult).

*(Type additional names/ addresses on a separate piece of paper and attach hereto.)*

Signature of Plaintiff

## FINDINGS OF ISSUING AUTHORITY

At an ex parte hearing on the 29th Day Of April, 2018
[X]  I have found upon good cause shown that it is necessary to protect the (plaintiff) and above listed (child) (children) (incompetent adult).
[ ]  I have found that it is not necessary to issue an Emergency Protection order.

Signature of Issuing Authority

## ACTION OF ISSUING AUTHORITY

Having found upon good cause shown that it is necessary to protect the (plaintiff) and above listed (child) (children) (incompetent adult), I have taken the following action on this petition:
[ ]  Ordered the defendant to refrain from abusing the plaintiff and/or minor child, children, incompetent adult.
[X]  Ordered the defendant to refrain from having any contact with the plaintiff, minor child/children and/or incompetent adult.
[ ]  Ordered the eviction of the defendant from the (household) (residence) at
*(Address)*

Signature of Issuing Authority

PROTECTION ONLY

## ORDERS OF _____ EVICTION

(Sheriff) (Constable) (Police Officer) (Police Department).  In compliance with the order(s)
from the premises at
appearing above, you are hereby directed _____ to evict _____
Name of Defendant
Address

Signature of Issuing Authority

## NOTICE TO DEFENDANT

Orders issued are pursuant to the Protection From Abuse Act, No. 23 Pa. C.S. 6101 et seq, as amended.  These orders may subject you to charges of criminal contempt.  These orders expire at the end of the next business day of this County.  These orders will be immediately certified to the Court of Common Pleas, **WHICH HAS THE EFFECT OF COMMENCING PROCEEDINGS AGAINST YOU UNDER THE ABOVE MENTIONED ACT.**

• SOLOMON, SHERMAN & GABAY

ATTORNEYS AT LAW

DAVID B. SHERMAN*
LAWRENCE SOLOMON
ELI GABAY
GARY J. SIVACEK
**ALSO MEMBER OF NEW JERSEY BAR
*MEMBER OF DISTRICT OF COLUMBIA BAR
*NOT A PARTNERSHIP

8 PENN CENTER
1628 JFK BOULEVARD • SUITE 2000
PHILADELPHIA, PA 19103

PHONE (215) 665-1100
FAX (215) 665-8471

EM010 (Rev. 11/09)

CASE ID 1804V7933

10. The following other minor child(ren) presently live with the Plaintiff:

| Name(s) | Age(s) | Plaintiff's Relationship to Child(ren) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

11. The facts of the most recent incident of abuse are as follows:

> On 4-29-18 at 8:40am on Lexington Ave, the defendant bit plaintiff on the arm.

12. If Defendant has committed prior acts of abuse against Plaintiff or the minor child/ren, describe these prior incidents, including any threats, injuries, or incidents of stalking, and indicate approximately when such acts of abuse occurred.

13. (a) Has Defendant used or threatened to use any firearms or other weapons against Plaintiff or the minor child/ren? If so, please describe the use or threatened use below and list on Attachment A to Petition, which is incorporated by reference into this petition, any firearms, other weapons or ammunition Defendant used or threatened to use against Plaintiff and/or the minor child/ren : **NO**

(b) Other than the firearms, other weapons, or ammunition Defendant used or threatened to use against Petitioner or the minor child/ren, does Defendant, to the best of your knowledge or belief own or possess any additional firearm, other weapon, ammunition or any firearm license? **NO**

(c) If the answer to (b) above is "yes" , list any additional firearm, other weapon, or ammunition owned by or in the possession of Defendant on Attachment A to Petition, which is incorporated by reference into this petition.

(d) Plaintiff **( )  does  (X) does not** request that the court order Defendant to relinquish firearms, other weapons or ammunition listed on Attachment A to Petition. If Plaintiff does seek relinquishment, identify on Attachment A to Petition the firearms, other weapons, and ammunition Plaintiff requests the court to order Defendant to relinquish.

DVS18II REV 11/08

CASE ID 1804V7933

14. The Pennsylvania State Police are to be provided a copy of the Protection Order.

15. There is an immediate and present danger of further abuse from Defendant.

----------------------------------------------------------------------------------

Plaintiff is asking the Court to evict and exclude Defendant from the
residence which is **Owned** in the name of: **both parties**   located at:

( ) Defendant owes a duty of support to Plaintiff and/or the minor child(ren).

( ) Plaintiff has suffered out-of-pocket financial losses as a result of the abuse described
   above.  These losses are as follows:

FOR THE REASONS SET FORTH ABOVE, I REQUEST THAT THE COURT ENTER A
TEMPORARY ORDER, AND AFTER A HEARING, A FINAL ORDER THAT WOULD DO THE
FOLLOWING (CHECK ALL FORMS OF RELIEF REQUESTED):

**(X)**  A.  Restrain the Defendant from abusing, threatening, harassing and/or stalking Plaintiff
and/or or the minor child(ren) in any place where Plaintiff and /or the children may be found.

**(X)**  B.  Order the defendant from having any contact with the plaintiff, minor child/children,
and or incompetent person. This restrains the defendant from entering the place of employment
or business or school of the plaintiff, child/children or incompetent person or from harassing the
plaintiff, the plaintiff's relatives or minor children.

**(X)**  C.  Evict/exclude the Defendant from Plaintiff's residence and prohibit Defendant from
attempting to enter any temporary or permanent residence of  Plaintiff.

( )  D.  Require Defendant to provide Plaintiff and/or the minor child(ren) with other suitable
housing.

( )  E.  Award Plaintiff temporary physical and legal custody of the minor child(ren) and
place the following restrictions on contact between Defendant and the child(ren).

( )  F.  Prohibit  Defendant from having any contact with Plaintiff and/or  the minor child(ren),
either in person, by telephone, or in writing, personally or through third persons, including but

CASE ID 1804V7933

not limited to any contact at Plaintiffs's school, business or place of employment, except as the
court may find necessary with respect to partial custody and/or visitation with the minor
child(ren).

( ) G. Prohibit Defendant from having any contact with Plaintiff's relatives and Plaintiff's
child(ren) listed in this Petition, except as the court may find necessary with respect to partial
custody and/or visitation with minor child(ren).
The following persons are Plaintiff's relatives or family and household members that Plaintiff
believes require protection from stalking and harassment by Defendant.

(X) H. Order Defendant to temporarily relinquish some or all of the firearms,
other weapons, and/or ammunition listed on Attachment A to Petition and any firearm license
to the sheriff of this county and/or prohibit Defendant from transferring, acquiring or possessing
some or all firearms for the duration of the order.

( ) I. Order Defendant to pay temporary support for Plaintiff and/or the minor child(ren),
including medical support and ( ) payment of the rent or mortgage on the residence.

( ) J. Direct Defendant to pay Plaintiff for the reasonable financial losses suffered as the result
of the abuse, to be determined at the hearing.

( ) K. Order Defendant to pay the costs of this action, including filing and  service fees.

( ) L. Order Defendant to pay Plaintiff's reasonable attorney's fees.

( ) M. Order the following additional relief, not listed above:

(X) N. Grant such other relief as Plaintiff requests and/or the court deems appropriate.

( ) O. Order the police, sheriff or other law enforcement agency to serve the Defendant with a
copy of this petition, any order issued and the Order for Hearing. Plaintiff will inform the
designated authority of any addresses, other than the Defendant's residence, where the
Defendant can be served.

CASE ID 1804V7933

# VERIFICATION

I verify that I am the Petitioner as designated in the present action and that the facts and statements contained in the above petition are true and correct to the best of my knowledge.

I understand that any false statements are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

_____                    _____
Date                                        Signature

_____
Assisted By

Date: **4/29/2018**

The petition was sworn to and the Plaintiff was examined by Master Macon, Baxter in Courtroom B03, Criminal Justice Center at ___6:09___ a.m/p.m. on **4/29/2018.**

_____
Master

# EXHIBIT "B"

CIRCLE ONE: 1 2 **3** ☐

# PHILADELPHIA POLICE DEPARTMENT
## DOMESTIC VIOLENCE REPORT

| YEAR | DIST. OCCUR. | DC # | PSA | DIST. OF REPORT | VEH # | REPORT DATE | URC CODE |
|---|---|---|---|---|---|---|---|
| 16 | 15 | 89437 | 3 | 15 | 34 | 09-14-16 | 815. |

LOCATION OF OCCURRENCE: 7816 LEXINGTON AVE.
APT # — IN ■ OUT ☐ — PREMISE 70 — TIME OUT 5:01 AM/**PM**

DATE OF OCCURRENCE: 09-14-2016
DAY CODE 3 — TIME 4:45 AM/**PM**
REPORT TO FOLLOW YES ■ NO ☐

COMPLAINANT'S NAME: SALLY M. CORTESE
AGE: ___ DOB: ___ SEX F RACE W LATINO NO

COMPLAINANT'S ADDRESS (Including City, State and Zip Code): ▓▓▓▓▓▓▓▓▓▓▓▓▓
APARTMENT #

HOME #: ▓▓▓▓▓▓ CELL #: ___ CALL BACK #: ___ PRIMARY LANGUAGE: ENGLISH

OFFENDER ON SCENE? YES ■ NO ☐

OFFENDER'S NAME: JOHN A. CORTESE JR.
AGE: ___ DOB: ___ SEX M RACE W LATINO NO

OFFENDER'S ADDRESS: ▓▓▓▓▓▓▓▓▓▓

OFFENDER'S DESCRIPTION (Address, Vehicle, Clothing, Scars, Tattoo's, etc.):
LT. BRAWD, GLASSES, BLACK T-SHIRT, BLACK SHORTS, 5'9" 140 lbs. PA DLN # ▓▓▓▓

| COMPLAINANT | | OFFENDER'S ACTION ON SCENE | | |
|---|---|---|---|---|
| Teary? YES ☐ NO ■ Crying? YES ☐ NO ■ | | Polite? YES ☐ NO ☐  Angry? YES ■ NO ☐ | Cooperative? YES ☐ NO ☐  Threatening? YES ☐ NO ☐ | Apologetic? YES ☐ NO ☐ |
| Shaking? YES ☐ NO ■ Frightened? YES ■ NO ☐ | | ☐ **VERBAL DISPUTE ONLY** | | |
| Distraught? YES ■ NO ☐ | | OFFENDER'S ACTIONS AGAINST COMPLAINANT | | |

| COMPLAINANT | OFFENDER'S ACTIONS AGAINST COMPLAINANT | | |
|---|---|---|---|
| ■ Complaint of pain? (Please describe) TO RIGHT SIDE OF FACE | Pushing / shoving? YES ■ NO ☐ | Biting? YES ☐ NO ■ | Violating PFA? YES ☐ NO ☐ |
| ■ Visible injuries? (i.e., laceration, bruises, scratches, etc. (Please describe) RED MARKS TO RIGHT SIDE OF COMPL. FACE AND NECK | Punching? YES ☐ NO ■ | Stabbing? YES ☐ NO ■ | Injuring children? YES ☐ NO ☐ |
| | Grabbing? YES ■ NO ☐ | Hair Pulling? YES ☐ NO ■ | Injuring pets or animals? YES ☐ NO ☐ |
| ■ Possible injuries not visible? (Please describe) POSSIBLE BRUISING | Property damage? YES ■ NO ☐ | Kicking? YES ☐ NO ■ | Sexually abusing? YES ☐ NO ☐ |
| | Throwing objects? YES ■ NO ☐ | Threats? YES ☐ NO ■ | Imprisoning? YES ☐ NO ☐ |
| RELATIONSHIP COMPLAINANT TO OFFENDER | Slapping open hand? YES ■ NO ☐ | Weapon? YES ☐ NO ☐ Description: | Breaking in? YES ☐ NO ☐ |
| ☐ Married ☐ Formerly Married  ☐ Intimate Partner ☐ Former Intimate Partner/Dating  ■ Child of Complainant ☐ Parent of Complainant  ☐ Relative ☐ Other  Son | Strangulation / choking? YES ☐ NO ■ | | Stalking? YES ☐ NO ☐ |
| | Other (describe) | | |

| DESCRIPTION OF SCENE AT TIME OF INCIDENT | | |
|---|---|---|
| Blood? | NO ■ YES ☐ | Please describe |
| Property damage? | NO ☐ YES ■ | Please describe POTTED PLANTS (MULTIPLE) AND LAWN STATUES BROKEN ON LAWN AND FRONT PATIO UPON ARRIVAL BY POLICE |
| Furniture disarrayed? | NO ■ YES ☐ | Please describe |
| Victim's clothing disarrayed? | NO ■ YES ☐ | Please describe |
| Other? | NO ■ YES ☐ | Please describe |

75-48 D (Rev 6/12)

#23243 RS 9/19/18 CPL. JOHNSON #8161

**DC #**
2016-15-089437

## DESCRIPTION OF INCIDENT (Use separate sheet if necessary)

COMPL STATES THAT SHE WAS WATCHING T.V. AND LYING ON THE COUCH IN THE LIVING ROOM WHEN HER SON (OFFENDER) APPROACHED HER AND STATED "you NEVER WOKE ME UP FOR MY APPOINTMENT, YOU'RE GONNA PAY AND SHOVED COMPL. WITH A POTTED PLANT THAT HE WAS HOLDING AND WHEN COMPL PUSHED HIM BACK TO GET HIM AWAY, OFFENDER SLAPPED COMPL. IN THE FACE (RIGHT SIDE) AND RIGHT SIDE OF NECK LEAVING RED MARKS VISIBLE TO BOTH. OFFENDER ARRESTED AND TRANS TO NAZARETH HOSPITAL FOR TREATMENT.

## HISTORY

| | | | MEDICAL TREATMENT BEFORE BEING TRANS TO POLICE |
|---|---|---|---|
| Prior History of DV ? | YES ☐ NO ■ | | None ■   Will See Own Doctor ☐   REF. H/C DC # 2016-15-089457 |
| Prior DV Reports to Police ? | YES ☐ NO ■ | | Ambulance on Scene?   YES ☐ NO ■   # |
| Where / When ? | | | Fire Department on Scene? YES ☐ NO ■  Unit |
| Offender History of Substance Abuse | YES ■ NO ☐ | | Hospital?  YES ☐ NO ■   Which one ? |

## WITNESSES

| | | | COURT ORDERS |
|---|---|---|---|
| Witnesses present during incident ? | YES ☐ NO ■ | | Protection From Abuse Orders:   None ☐   Current ■   Expired ☐ |
| Names and contact information: | | | Emergency ☐   Temporary ☐   Final ☐ |
| | | | Docket # _1602 V 7181_ |
| Statement (s) taken ? | YES☐ NO ■ | | Pending Criminal Cases ?   YES ☐ NO ☐   Unknown ■ |
| Children present ? NO ■ | YES☐ How many? | | Court and Docket # _____ Type of Case |
| Statement (s) taken ? | YES☐ NO ☐ | | |
| Children's Names and ages: | | | Custody Order ?   YES ☐ NO ■ |
| | | | Is suspect on probation ?   YES ☐ NO ■ |

## EVIDENCE COLLECTED

| | | | | |
|---|---|---|---|---|
| Photographs ? | YES ☐ NO ■ | Firearms ? | NO ■ YES ☐ | How many ? |
| Clothing ? | YES ☐ NO ■ | Other weapons ? | NO ■ YES ☐ | Type |
| Text / e-mail / voicemail ? | YES ☐ NO ■ | Other ? | NO ■ YES ☐ | Describe |

## DIAGRAM OF INJURIES

Mark injuries or areas where the victim (s) was / were struck on the diagram (s) below.

## POLICE ACTION TAKEN

| | | |
|---|---|---|
| Complainant Transported to Detective Division: YES ☐ NO ☐   If No, Explain | | BY GRAND DAUGHTER |
| Was offender arrested ? | YES ■ NO ☐ | Was victim's permit to carry checked ?   YES ☐ NO ■ |
| Were any weapons removed from household? | YES ☐ NO ■ | Was offender's permit to carry checked ?   YES ☐ NO ■ |
| Was State Police registry checked for PFA ? | YES ☐ NO ■ | |

## INFORMATION GIVEN TO THE COMPLAINANT BY INITIAL POLICE OFFICER

| | | |
|---|---|---|
| DOMESTIC VIOLENCE INFORMATION CARD   ■  V.A. PACKET | INFORMATION ON PFA ORDERS | ■ w/REVISION |
| DC NUMBER | ■ | COMPLAINANT NOTIFIED OF ADVOCATE FOLLOW UP ☐ |
| CONTACT NUMBER TO VICTIM ASST. OFFICER | ■ | DOMESTIC VIOLENCE HOTLINE 24 HRS / 7 DAYS 1-866-723-3014 |

FOLLOW UP CONTACT BY:

| NAME | ORGANIZATION | METHOD | DATE |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| REPORTING OFFICER / BADGE # _S. ABATINO #4295_ | REVIEWED BY SUPERVISOR / BADGE # _SGT 8563_ | DISTRICT / UNIT _?F_ | |
| DETECTIVE DIVISION / UNIT CONTROL NUMBERS ASSIGNED | CASE ASSIGNED TO | ASSIGNMENT DATE: | |

75-48 D (Reverse) (Rev. 8/12)

#Q3243 RS   9/19/18   CPL. JOHNSON #8161

# EXHIBIT "C"



## TEMPLE HEALTH

### TEMPLE FACULTY PHYSICIANS

**Temple Internal Med Assoc**
3322 N BROAD STREET
MOB 1ST FLOOR
PHILADELPHIA PA 19140
Phone: 215-707-1800
Fax: 215-707-6862

October 28, 2019

Mr. David B. Sherman, Esq.
Solomon, Sherman and Gabay
Attorneys at Law
8 Penn Center
1628 JFK Boulevard, Ste. 2200
Philadelphia, PA 19103

Re: **John Cortese**
 **DOB: 3/26/1965**
 **D/A: September 14, 2016**

Dear Mr. Sherman:

I am responding to request of October 24 regarding the medical report on Mr. Cortese's injuries related to his restraint by police officers on the date of his accident. I am Mr. Cortese's primary care physician and did not provide direct treatment for the injuries related to that accident. I am providing an abstracted report based on his evaluation by other physicians.

Per the chart, he was seen September 19, 2016 at Jeanes Hospital emergency room for evaluation of the abrasions on his right and left wrist. They were noted by the examining physician. At that time he had full range of motion and he received dressing care to the affected wrist.

On October 24, 2016 he was examined by Dr. Ida J. Wagner at Temple Plastic surgery center. She had seen him previously for carpal metacarpal arthritis of the left hand as well as carpal tunnel syndrome. His surgery was delayed as the result of the injuries he sustained on the date of the accident ( 9/14/16). She described his left hand as exquisitely tender to palpation, and was unable to fully evaluate all range of motion. His pain was too intense to permit full examination. She was concerned about damage to the dorsal sensory radial nerve with a risk for progression to complex regional pain syndrome..

She ordered an MRI arthrogram of the left wrist and prescribed him a left thumb spica brace to be worn at all times. In addition she order plain x-rays of his left hand. He was to return after these tests.

His x-ray of October 24 of his left wrist showed the following:Moderate arthropathy about the first CMC joint. Remainder of the joint

spaces are preserved. Ossific debris is seen adjacent to the first CMC
joint. Mild soft tissue swelling about the wrist.  A MRI arthrogram of the left wrist
Done on 12/22/2016 demonstrated the following:1. Full-thickness detachment/tear of
the central memebraneous portion
of the scapholunate ligament and likely tear/injury of its volar band.
2. Degenerative thinning of the central aspect of the triangular
fibrocartilage without discrete full-thickness tear.
3. Moderate to severe first CMC joint osteoarthritis.

He was scheduled for follow-up with Dr. Waggener however it appears that she may
have been out on leave.  He was advised of the results of the MRI and requested an
evaluation to be done by another physician.  He was seen by Dr. Joseph Thoder, a
hand specialist and orthopedic surgery, who found that the patient was still having
severe pain and limited range of motion.  He prescribed him gabapentin and ibuprofen
to assist with pain management had him go for occupational therapy and a cool
comfort splint for the left hand and thumb.  The prescription for the thumb spica splint
was sent March 1, 2017.

He was seen by Dr. Thoder again on March 8, 2017 who noted there was little
improvement in the patient's pain or physical exam.  He diagnosed with complex
regional pain syndrome and decided that this was a nonoperative injury.  He
prescribed Lyrica and a course of prednisone.  There was a delay in obtaining Lyrica
as it had to be preauthorized by his insurance.
Patient continued to complain of severe pain and inability to use his left hand in
particular he did not find any relief with occupational therapy, splinting or any other
medications.  He was seen again by Dr. Thoder on May 10, 2017 and referred for
stellate ganglion block.

He saw Dr. Thoder on 6/14/2017 while he was still awaiting his ganglion block and
started on nortriptyline 25 mg at bedtime.  The patient contacted me on 6/17/2017
with concerns about drug interactions with the nortriptyline and his multiple
psychotropic medications including the following:Ariproazole, buproprion , citalopram,
clonazepam.  I advised the patient to wait until he had his pain management
evaluation for the stellate ganglion block.  I agreed that his polypharmacy and the
addition of another psychotropic meds would be complicating.

On June 23, 2017 he saw Dr. Rany Abdallah for pain management.  Patient
described temperature changes severe pain discoloration of the left hand with similar
symptoms to a lesser degree in the right hand.  Dr. Abdallah noted that he had
allodynia (extreme pain to touch) of the left hand as well as some discoloration.  He
diagnosed him with complex regional pain syndrome type I.  He scheduled him for a
stellate ganglion nerve block on June 28, 2017.

Postprocedure, Mr. Cortese continued with occupational therapy for the left hand.  He
return to see Dr. Abdulfatta on August 1, 2017 where he reported pain was minimally
improved down to a 7 out of 10.  Immediately after the stellate ganglion block he did
have improvement but it lasted less than 2 weeks.  He was now back to severe pain
hand discoloration sweating weakness.  He also saw Dr. Thoder on August 9, 2017
who recommended a second stellate ganglion block with a goal to improve Mr.
Cortese his tolerance for physical therapy.  He recommended continuation of the cool
comfort splints and the gabapentin.

Patient was admitted to Temple University Hospital on 9/5/2017 with possible
syncope (passing out).  There were ongoing family stressors at home.  He had an
evaluation that included a CAT scan of his brain lab data all of which were negative.
Patient reported that he still continued with severe pain in his wrist since that initial

ganglion block. He was seen again on 10/24/2017 by Dr. Abdallah and continued to complain of severe pain sweating discoloration. The physical therapy was not making any major improvement in his symptoms but he continued to attend sessions. He was not taking extra pain medication at this time..

On 11/30/2018, he went to Dr. Abdullah again who recommended another stellate ganglion block.. On 2/21/2019 during the course of the stellate block injection, Mr. Cortese became extremely lightheaded and agitated and had a vagal reaction. Dr. Abdalla canceled the injection and wrote that Mr. Cortese seemed to have some psychosomatic elements to his condition. He did not recommend any additional injections or treatment for the complex regional pain syndrome. He stated that the patient had canceled multiple procedures because he was too anxious.

On 6/29/2019 he saw Dr. Abdullah again and discussed that his pain was worsening and he was willing to try a stellate ganglion block again. On August 8, 2019, Mr. Cortese had a left stellate ganglion block with an uneventful postoperative course.

On 10/8/2019, he saw Dr. Anish Sethi pain management. Per that office visit, Dr. Sethi writes " States that it was helpful in managing his left upper extremity symptoms by >70% for approximately 3-4 weeks. Reports functional improvements in hand use". By the time of that visit however the pain had flared Mr. Cortese was requesting another stellate ganglion block. Patient did see me as part of a medical marijuana program evaluation. He was in the process of trying to see if this might offer additional pain relief to his complex regional pain syndrome. This is a qualifying condition under the state of Pennsylvania's use of medical cannabis.

In answer to the specific questions regarding Mr. Cortese's injuries I am providing the following:
1. Mr. Cortese's injuries from the handcuffs did contribute to a substantial and significant impairment of his hand function. He had pre-existing arthritis and carpal tunnel syndrome but developed complex regional pain syndrome after the wrist handcuffs of September 14, 2016.

2. Complex regional pain syndrome is extremely difficult to treat and often is minimally improved. I anticipate that Mr. Cortese's situation the combination of underlying arthritis and the development of complex regional pain syndrome are likely to be permanent. In addition the arthritis is likely to progress with age as well as the secondary effects of the complex regional pain syndrome on his bone and nerve function.

3. He is not considered a surgical candidate at this time. The chance that repair of his underlying arthritis or carpal tunnel will markedly improve his pain and other symptoms is low. While I am not an orthopedic surgeon or neurologist, I would rely on the evaluations of the other specialist who has seen him. While another stellate ganglion block might provide him with some temporary relief, I have seen that the 2 prior injections did not result in any long-term improvement in either pain or functionality of his hands. Unfortunately this appears to be a chronic and permanent condition.
Please do not hesitate to contact me if additional information is needed.

Sincerely,

Ellen M Tedaldi, MD
Professor of Medicine